UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELIZABETH KENNEDY,                                    :

                 Plaintiff,                         :

          v.                                     :

ROBERT BASIL, THE BASIL LAW GROUP,     :
P.C., ARTIFECT LLC, WFT REALTY LLC,
WFT FASHION LLC,                                      :

                Defendants.                      :
-----------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/20/18

**MEMORANDUM AND ORDER**

18-CV-2501 (ALC) (KNF)

## BACKGROUND

Plaintiff Elizabeth Kennedy ("Kennedy") commenced this action against Robert Basil

("Basil"), The Basil Law Group P.C., Artifect LLC, WFT Realty LLC and WFT Fashion LLC

asserting breach of contract, breach of fiduciary duty, legal malpractice, fraud, accounting,

trademark infringement, unfair competition, unjust enrichment, trademark dilution, deceptive

acts and practices, violation of privacy rights and defamation. The defendants asserted

counterclaims, fraud, conspiracy to defraud, breach of contract, unjust enrichment, conversion,

breach of fiduciary duty and violation of New York Limited Liability Company Law. Basil

asserted cross-claims against his co-defendants for contribution and indemnification.

Before the Court is a motion "made by Non-Party Thompson Bukher LLP ['TB Law

Firm'] and Plaintiff Elizabeth Kennedy" for an order "pursuant to Fed. R. Civ. P. 45(c) quashing

the Subpoena served upon [TB Law Firm] dated July 10, 2018." The motion is supported by the

following documents: (a) "Plaintiff's Memorandum of Law in Support of [TB Law Firm] and

Plaintiff's Motion to Quash"; and (b) a declaration by Andrew R. Goldenberg ("Goldenberg"),

1

"[o]f counsel with the [TB Law Firm], attorneys for Plaintiff Elizabeth Kennedy" with Exhibits A, B, C, D, E, F, G, H and I. The defendants oppose the motion.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends that discovery from plaintiff's counsel is disfavored because: (1) "there is no need for discovery of the TB Law Firm," since the defendants "have not even issued any document requests on Kennedy" and seeking documents from opposing trial counsel "is a last, not a first, resort"; (2) "labeling the TB Law Firm a 'co-conspirator' without any evidence or factual basis for a conspiracy claim has no connection to this action"; and (3) "the documents sought by Defendants are privileged and work-product protected and will result in protracted discovery battles that would embroil this court in unnecessary litigation."

The plaintiff asserts that the subpoena is overly broad and unduly burdensome because it "seeks unfettered access to all documents and communications from or to anyone involved with Kennedy on any matter" and none of the document requests sets forth "a defined time period or make[s] any reference to the alleged 'conspiracy' between the TB Law Firm and Kennedy." According to the plaintiff, "the [s]ubpoena is, at best, a bad faith attempt to gain access to the work product and communications of opposing counsel but is more clearly a tactical effort to harass and retaliate against the TB Law Firm."

The plaintiff contends that "many of the requested materials are available from other sources," including documents that are in the defendants' "own possession, such as documents Basil received from the TB Law Firm concerning his ethical violations (Defendants' Request No. 2) and Communications (to the extent they exist) between the TB Law Firm and Basil's law firm (*id.*, 1(d)), Defendant Artifect (*id.*, 1(e)), Defendant WFT (*id.*, 1(f)) and the Company [Elizabeth Kennedy, LLC] (*id.*, 1(g), 1(h)). Goldberg Decl., Ex. A at ¶ 1." The defendants "have not

2

explained why they cannot seek documents" from other non-parties or Kennedy and "[d]iscovery from opposing counsel should be a last resort limited to materials otherwise unavailable."

The plaintiff asserts that the crime-fraud exception to the attorney-client privilege "is inapplicable because Defendants cannot show 'probable cause' that a crime or fraud was committed, and that the particular communications at issue here were made 'in furtherance' of such a crime or fraud." The plaintiff maintains that she "has standing to challenge the subpoena" and "has not waived privilege or work product protection" by "forwarding the January 3 email to Basil" which "repeats the prior discussions between Kennedy and Basil concerning the Company's financial condition and issues Kennedy had already discussed with Basil concerning the Company's liabilities and her proposal to personally assume those liabilities." Thus, "the work-product or privilege waiver resulting from the voluntary disclosure of the January 3 email, if any, should be limited to the document itself." According to the plaintiff, the defendants "cannot demonstrate a substantial need great enough to overcome protection" of documents under the work-product doctrine. The plaintiff asserts that she "is entitled to a protective order" because the subpoena "would have a chilling effect on Kennedy's ability to freely consult with her trial counsel regarding the claims arising from this lawsuit." In the Conclusion section of the plaintiff's memorandum of law, the plaintiff asserts that "Plaintiff and the TB Law Firm respectfully request this Court grant their motion, or in the alternative, for a protective order."

In support of the motion, the plaintiff submitted a declaration by her counsel with exhibits containing: (a) the defendants' July 10, 2018 subpoena to TB Law Firm, Exhibit A; (b) various e-mail communications between Kennedy and others, Exhibits B, C, D, E, F, G and H; and (c) the defendants' subpoenas to Creative Business, Inc. and Jeanne Hardy, dated July 28, 2018, and Archer Greiner, P.C., dated July 5, 2018, Exhibit I.

3

## DEFENDANTS' CONTENTIONS

The defendants contend that the plaintiff's reliance on cases concerning the deposition of opposing counsel are irrelevant because the defendants seek documents, not counsel's deposition. According to the defendants, the plaintiff asserts, "without any sworn support from the TB Law firm, that the Subpoena ought to be quashed as unduly burdensome and overbroad." However, "an undue burden is not established merely by asserting in a brief or otherwise that one exists." According to the defendants, the subpoena "seeks only documents relevant to this particular dispute."

The defendants maintain that "the discovery sought from the TB Law Firm among other sources is entirely appropriate" because: (a) "the production of documents by the TB Law Firm might obviate a need for a deposition of that firm's attorneys, such depositions being disfavored by the law"; and (b) "[o]nly the TB Law Firm knows with any certainty which Company creditors and employees it communicated with and only the TB Law Firm knows what actions it took with regard to its allegations of ethical violations by Mr. Basil." The defendants "do not deny that the documents sought by the Subpoena may include documents already in Defendants' possession," but the defendants "are entitled to find out what other relevant documents exist, and what company documents were obtained by the TB Law Firm during its representation of the Company, or wrongfully obtained from the Company while representing only the plaintiff." For example, although the defendants know "that the TB Law Firm communicated with a Company vendor named Leo Tirado, Grossman Decl. Ex. H," they do not know "and should not be made to guess what other Company vendors the TB Law Firm might have communicated with. Nor do we know whether the TB Law Firm made representations purporting to be on the Company's

4

behalf to creditors other than Mr. Tirado, or to other persons." Thus, "the TB Law firm appears to be the best and as to some issues the only source for all of this information."

The defendants contend that "potential issues of attorney-client privilege do not provide any basis for quashing the subpoena" because the "[m]ovants failed to comply with" the requirements of Rule 45(e)(2) of the Federal Rules of Civil Procedure that the claim of privilege or trial-preparation material protection must be made expressly and the nature of the withheld documents described in a manner that will enable the parties to assess the claim. Moreover, "most of the documents sought are communications between the TB Law Firm and third parties, and hence can implicate no privilege of any kind." According to the defendants, "Plaintiff's proper course is to prepare and provide a privilege log identifying any particular documents it [sic] contends are privileged, and setting forth the basis of the privileged [sic] claimed." The assertion that the crime-fraud exception to the attorney-client privilege is inapplicable "without supplying this Court with a single sworn statement addressing the issue" puts "the cart before the horse," given that no privilege log has been produced.

The defendants contend that the plaintiff's application for a protective order is procedurally defective and should not be considered because the notice of motion does not specify the statute or rule under which it is brought or what relief is sought, as required by Local Civil Rule 7.1(a)(1) of this court. Furthermore, "Plaintiff's application provides no indication of the particulars of the protective order" and no certification was submitted that "the movant has conferred with its [sic] adversary in good faith to address the relevant issues," as required by Rule 26(c) of the Federal Rules of Civil Procedure.

## TB LAW FIRM'S AND PLAINTIFF'S REPLY

TB Law Firm and the plaintiff submitted a reply, in which they contend:

5

> Due to a typographical error, Plaintiff and the TB Law Firm inadvertently stated
> they were moving for an order pursuant to Fed. R. Civ. P. 45(c) in their Notice of
> Motion. ECF Doc. 45. Plaintiff and the TB Law Firm move to quash the Subpoena
> under Fed. R. Civ. P. 45(d). Plaintiff and the TB Law Firm have filed an amended
> notice of motion to correct the error, among other things. *See* ECF Doc. 61.

"In order to cure" procedural "defects in the notice of motion, the TB Law Firm and Plaintiff

filed an amended notice of motion," and they request "that the Court accept the amended notice

of motion." The amended notice of motion seeks

> an order pursuant to Fed. R. Civ. P. 45(d) quashing the subpoena served upon
> Thompson Bukher dated July 10, 2018 or a protective order for Plaintiff Elizabeth
> Kennedy under Fed. R. Civ. P. 26(c) in the event the motion to quash is denied by
> either limiting the scope of the subpoena or forbidding discovery altogether. The
> movant has in good faith conferred with the other affected parties in an effort to
> resolve the dispute without court action.

The movants assert that the cases on which they rely in their motion for the proposition

that discovery from the opposing counsel is disfavored are not limited to depositions, but also

involve document subpoenas issued to an adversary's counsel that were quashed or modified.

"As set forth more fully in the accompanying Declaration of Benjamin Thompson, Defendants

have failed to demonstrate a genuine need to obtain discovery from the TB Law Firm." The

defendants "should not be permitted to obtain discovery from the TB Law firm due to the

inherent prejudice the same would cause Plaintiff," given that "the information learned by the

TB Law Firm regarding any issue relevant to the instant matter was learned in the TB Law

Firm's capacity as Plaintiff's counsel." Allowing the defendants to obtain discovery from the

TB Law Firm "would create a likelihood, if not a certainty, that privileged and work-product

issues will be encountered." Moreover, the TB Law Firm is not the only source of the

information sought.

6

The movants assert that the subpoena "is not narrowly tailored to the claims and defenses at issue" and "none of the requests even reference the alleged 'conspiracy' between the TB Law Firm and Kennedy and none of the requests have a defined time period." "By way of example, Document Request No. 1 of the Subpoena contains 12 subparts without specifying what information is sought that has any relation to a claim or defense in this action." The movants contend that the defendants "cannot carry their burden of showing that privileged attorney-client communications were made 'in furtherance' of the alleged fraud." In support of the reply, the movants submitted declarations by Benjamin Thompson, a partner of the TB Law Firm, and Kennedy with seventeen exhibits.

## LEGAL STANDARD

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45 (d)(3)(A).

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3)

7

for the purpose of obtaining or providing legal advice." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). "It is well settled that '[t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it.'" In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000) (citation omitted). "The burden is a heavy one, because privileges are neither 'lightly created nor expansively construed.'" In re Grand Jury Subpoenas Dated Mar. 19 and Aug. 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003) (citation omitted). "[T]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." U.S. ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (citation omitted). "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." Universitas Educ., LLC v. Nova Group, Inc., No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Local Civil Rule 7.1(a) of this court requires that all motions include: (1) a notice of motion, "which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion"; (2) "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined"; and (3) "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."

## APPLICATION OF LEGAL STANDARD

*Motion to Quash the Subpoena*

Although the notice of motion indicates that the motion is made by the TD Law Firm and the plaintiff, only the plaintiff submitted a memorandum of law in support of the motion. The TD Law Firm did not submit any arguments on its behalf in support of the motion. While the TD Law Firm's motion to quash the subpoena can be denied on TD Law Firm's failure to make any arguments in support of its motion, to save judicial and the parties' resources and in accordance with Rule 1 of the Federal Rules of Civil Procedure, the Court will address the merits of the motion to quash the subpoena assuming that the plaintiff's memorandum of law is also made on behalf of the TD Law Firm.

Kennedy does not have standing to challenge the defendants' subpoena issued to non-party TB Law Firm on the grounds of relevancy or undue burden. See Universitas Educ., LLC, 2013 WL 57892, at *5. Although Kennedy has standing to challenge the subpoena to her counsel based on the attorney-client privilege, see In re von Bulow, 828 F.2d 94, 100 (2d Cir. 1987) (the attorney-client "privilege belongs solely to the client"), she failed to submit competent evidence in support of her attorney-client privilege claim. A declaration submitted by Goldenberg does not state it is based on his personal knowledge. It is not clear why Goldenberg attached to his declaration Exhibits B, C, D, E, F, G and H, containing e-mail communications among Kennedy and others, about which counsel appears to have no personal knowledge, since he was neither the recipient nor the sender of those communications. Thus, the motion to quash the defendants' subpoena is unsupported by evidence. Moreover, the movants failed to comply with Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure because they did not expressly claim privilege or work-product doctrine protection or describe the nature of the withheld

documents in a manner that will enable the parties to assess the claims. Since the attorney-client privilege was not invoked with the required specificity, no basis exists for assessing whether the crime-fraud exception to the attorney-client privilege applies.

The movants' assertions that: (i) the subpoena is overly broad and unduly burdensome; and (ii) the requested materials are available from other sources are unsupported by evidence. The mere assertions in the memorandum of law are not sufficient to satisfy the movants' burden on a motion to quash the subpoena. The movants' attempt to cure the lack of competent evidence in support of the motion by filing declarations and seventeen exhibits in reply to the defendants' argument that the motion lacks evidentiary support is untimely and improper. Accordingly, the motion to quash the subpoena is denied as unsupported by evidence.

### *Kennedy's Motion for a Protective Order*

The movants' notice of motion indicates, erroneously, that the motion is made "pursuant to Fed. R. Civ. P. 45(c)." Rule 45(c) of the Federal Rules of Civil Procedure concerns place of compliance with a subpoena. See Fed. R. Civ. P. 45(c). A motion to quash a subpoena is governed by Rule 45(d) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 45(d).

The notice of motion does not mention Rule 26(c) of the Federal Rules of Civil Procedure governing protective orders. However, the movants argue in their memorandum of law that "Kennedy is entitled to a protective order" under Rule 26(c) because the subpoena "would have a chilling effect on Kennedy's ability to freely consult with her trial counsel regarding the claims arising from this lawsuit." Kennedy failed to comply with Local Civil Rule 7.1(a)(1) of this court because she did not specify in the notice of motion Rule 26(c) or the relief she seeks in connection with it; yet, she made an argument in the memorandum of law based on

Rule 26(c). Kennedy's attempt "to cure" this deficiency by filing an amended notice of motion at the time of the reply is rejected as improper.

Kennedy's attempt "to cure" her failure to comply with Rule 26(c)(1)'s requirement to include in the motion a certification that she has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court intervention, by asserting, improperly, in the amended notice of motion that "[t]he movant has in good faith conferred with the other affected parties in an effort to resolve the dispute without court action," is rejected as improper and frivolous. A certification is "[a]n attested statement" and to attest means "to bear witness; testify" and "[t]o affirm to be true or genuine; to authenticate by signing as a witness." Black's Law Dictionary (8th ed. 2004). No certification has been included in the instant motion. Kennedy failed to submit any evidence in support of her assertion that she "is entitled to a protective order" because the subpoena "would have a chilling effect on Kennedy's ability to freely consult with her trial counsel regarding the claims arising from this lawsuit." Accordingly, Kennedy's motion for a protective order is denied both as procedurally defective and on the merits.

## CONCLUSION

For the foregoing reasons, the motion to quash the subpoena, Docket Entry No. 45, is denied. The Clerk of Court is directed to strike entirely from the docket sheet the amended notice of motion to quash subpoena or for a protective order, Docket Entry No. 61.

Dated: New York, New York    SO ORDERED:
   September 20, 2018

            _Kevin Nathaniel Fox_
            KEVIN NATHANIEL FOX
            UNITED STATES MAGISTRATE JUDGE