UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIZABETH KENNEDY,     :

            Plaintiff,     :

    v.     :

ROBERT BASIL, THE BASIL LAW GROUP,     :
P.C., ARTIFECT LLC, WFT REALTY LLC,
WFT FASHION LLC,     :

           Defendants.     :
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

18-CV-2501 (ALC) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Elizabeth Kennedy ("Kennedy") commenced this action against Robert Basil ("Basil"), The Basil Law Group P.C. ("BL"), Artifect LLC, WFT Realty LLC and WFT Fashion LLC asserting breach of contract, breach of fiduciary duty, legal malpractice, fraud, trademark infringement, unfair competition, unjust enrichment, trademark dilution, deceptive acts and practices, defamation and a violation of privacy rights. In addition, Kennedy seeks an accounting. The defendants asserted counterclaims for fraud, conspiracy to defraud, breach of contract, unjust enrichment, conversion, breach of fiduciary duty and alleged a violation of New York's Limited Liability Company Law. Basil asserted cross-claims against his co-defendants for contribution and indemnification. Thereafter, Basil dismissed his cross-claims against Artifect LLC. Before the Court are: (1) the plaintiff's motion "for an order pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) compelling Noah Bank to comply with Plaintiff's document subpoena dated November 5, 2018"; and (2) Noah Bank's motion "for an order quashing the subject subpoena" and for costs related to responding to the subpoena.

1

## PLAINTIFF'S CONTENTIONS

The plaintiff asserts that the subpoena on BL's client, third-party Noah Bank, seeks documents relevant to her claims for breach of fiduciary duty, legal malpractice, fraud and trademark infringement. According to the plaintiff, from 2015 to 2017, defendants Artifect LLC and WFT Realty acquired a 71% ownership interest in defendant WFT Fashion, LLC f/k/a Elizabeth Kennedy, LLC ("the company") through a series of financing arrangements, including Noah Bank's $500,000 line of credit to the company. The plaintiff maintains that she was unaware that Noah Bank's line of credit was secured by the company's assets. The plaintiff alleges that Basil did not disclose to her that he also represents Noah Bank, and she was "unaware of Basil's conflicts based on his simultaneous representation of two clients (the company and Noah Bank) without any disclosure or conflict waivers." The plaintiff asserts that, "[a]fter closing the Noah Bank loan, Basil prohibited any draws on the loan claiming that the Company he was managing may have provided Noah Bank with false financial information to secure the bank loan." According to the plaintiff, in exchange for the Noah Bank loan, the plaintiff's interest in the company was reduced from 43% to 27%, and Basil withdrew the prior withdrawal restraint on the Noah Bank's loan. The plaintiff alleges that, as "a majority owner, lender, attorney, and managing member responsible for the Company's operations, Basil was obligated to advise Kennedy on his multiple roles and to seek advice from independent counsel regarding his conflicts" and he "was also required to obtain [the plaintiff's] written consent on his conflicts," but he "did none of those things." The plaintiff asserts that, in December 2017, "Basil claimed Noah Bank owned all of the Company's assets, including the disputed trademarks, and that the Noah Bank loan was in default and had to be repaid by the Company even though the loan was secured by Basil's lien-free residence in New Jersey." According to

2

the plaintiff, Basil proposed that his client, the company, "confess judgment to his other client, Noah Bank," without advising the plaintiff to seek advice from independent counsel or obtaining written consent regarding his conflicts of interest by simultaneously representing the company and Noah Bank who had competing interests. The plaintiff asserts that, on July 15, 2018, the company was served with an involuntary bankruptcy petition, in which "Basil represents the company and prepared and filed a schedule of assets claiming Noah Bank" has a secured interest in the company's personal property, including the disputed trademarks. The plaintiff contends that Basil continues to represent Noah Bank in response to the subpoena, which violates Rule 3.7 of the New York Rules of Professional Conduct.

The plaintiff seeks compliance with: (a) Document Request Nos. 1, 2, 3, 4, 9, 10, 11, 12 and 13; (b) Document Request No. 14, as revised by the plaintiff in her counsel's e-mail message, dated December 14, 2018, to Basil, subject "Noah Bank Subpoena"; and (c) Additional Document Request Nos. 1 and 2, made in the same e-mail, dated December 14, 2018. The plaintiff asserts that: (i) Document Request Nos. 1, 2, 4, 10, 11, and 13 are relevant to her malpractice and breach of fiduciary duty causes of action; (ii) Document Nos. 1, 2 and 4 are relevant to her fraud cause of action; and (iii) Document Request Nos. 3, 9, 10, 14 and "Additional Request No. 2" are relevant to her trademark infringement claim. According to the plaintiff, Noah Bank's general and boilerplate objections should be rejected because they violate the Federal Rules of Civil Procedure and Local Civil Rules of this court. The plaintiff contends that Noah Bank failed to make any specific objections and, as a co-signer to the Noah Bank loan, the plaintiff should obtain all documents concerning the Noah Bank loan "that do not violate any bank secrecy law." Moreover, Noah Bank failed to identify any privileged or protected material to justify refusal to comply with the subpoena. The plaintiff asserts that Noah Bank is not

entitled to Fed. R. Civ. P. 45's cost-shifting provision because it has an economic interest and substantial involvement in this action.

## NOAH BANK'S CONTENTIONS

Noah Bank denies the plaintiff's allegations, asserting: (1) "this Court lacks authority to enforce the subject subpoena, as it lacks subject matter jurisdiction over this action"; (2) the plaintiff "lacks standing to issue this subpoena because she was not a client of the Basil Law Group and therefore could not assert a conflict of interest claim"; (3) "all demands for documents from Noah Bank depend upon a fact that cannot be established – that the Basil Law Group and Basil were company lawyers acting under a conflict of interest during the Noah Bank loan transaction"; (4) the plaintiff's "objection to the responses of Noah Bank should be ignored based upon the fact that they mirror [the plaintiff's] own discovery responses"; (5) "the Gramm-Leach-Billy Act ['GLBA'] counsels against enforcing this subpoena on Noah Bank"; and (6) "cost shifting is particularly important here, and should be awarded to Noah Bank." More specifically, Noah Bank "relies upon the motion papers filed by the Defendants on July 2, 2018 and August 19, 2018, demonstrating this Court's lack of subject matter jurisdiction, as supplemented here." Concerning the plaintiff's standing to issue the subpoena, Noah Bank asserts that

> [t]he purported justification for this subpoena is that [BL] and [Basil] had an attorney's conflict of interest at the time the loan was secured. But Basil was merely counsel for Noah Bank in some collection and advice matters. He was not counsel for [the company]. However, [the plaintiff] was neither a borrower nor a guarantor of the loan. She was not a client of anyone other than her uncle, Mr. Caputo at the time of the loan.

According to Noah Bank, "[t]he record demonstrates that any claim of conflict belongs to either Noah Bank or [the company]. Noah Bank makes no such claim." Noah Bank contends that the plaintiff's allegation of malpractice cannot be established and it "is a mere allegation, not a

4

statement under oath"; thus, "compliance with the documents [sic] demands cannot be compelled based upon a claim that those demands are relevant to a malpractice claim emanating from the Noah Bank loan." Moreover, GLBA prohibits: (i) "a financial institution from disclosing to a nonaffiliated third party its customers' nonpublic personal information without first giving the customers notice and an opportunity to opt out of disclosure"; and (ii) "nonaffiliated third parties that received this information from the financial institution from disclosing it 'to any other person . . . unless such disclosure would be lawful if made directly to such other person by the financial institution.'" With respect to cost-shifting, Noah Bank asserts that it has no interest in the outcome of this litigation and "cannot intervene, as previously contemplated, to seek relief from [the plaintiff's] impairment of Noah Bank's collateral, as the trustee's counsel has objected to such intervention as being in violation of the automatic stay." Furthermore, "whether [the plaintiff] or the Defendants are successful will not impact upon Noah Bank's position as a secured lender, nor does [the plaintiff] present any evidence to the contrary."

## PLAINTIFF'S REPLY

The plaintiff asserts that she has standing to issue the subpoena to Noah Bank "because Basil acted as both her personal attorney and the Company's attorney during the relevant period," and she may obtain information from Noah Bank under the broad scope of Rule 26 of the Federal Rules of Civil Procedure. According to the plaintiff, Basil negotiated the terms of the Noah Bank loan and he was Noah Bank's attorney at the time of the loan closing but did not advise the plaintiff of his attorney-client relationship with Noah Bank. The plaintiff asserts that an "obvious conflict of interest exists based on Basil's multiple representations." According to the plaintiff, since the issue of trademark ownership has yet to be determined, that is not a ground for denying the plaintiff's motion. Moreover, "Noah Bank does not dispute its discovery

5

responses violate Federal and Local Rules." The plaintiff asserts that the Court has authority to enforce the subpoena the same way it had authority to compel compliance with a subpoena issued by the defendants, including Basil, against the plaintiff's counsel. Basil is not permitted to assume a contrary position now, and the Court should reject Noah Bank's argument under the doctrine of judicial estoppel. According to the plaintiff, GLBA allows for disclosure of nonpublic information "to respond to judicial process" and the subpoena does not seek disclosure of nonpublic personal information. To the extent that responsive documents contain nonpublic personal information, "those documents can be subject to a protective order to alleviate Noah Bank's disclosure concerns."

The plaintiff contends that Noah Bank's cross-motion is procedurally defective because it does not comply with Local Civil Rule 7.1(a) of this court by failing to make citation to legal authority on which it relies, and the brief on which it relies "cites no cases or authorities relating to the cross-motion to quash, as required by Local Civil Rule 7.1(a)(2)." The plaintiff asserts that Noah Bank is not entitled to cost-shifting because: (a) "a ruling by the Court over the ownership of the disputed trademarks would likely affect Noah Bank's claimed rights over the mark"; and (b) Noah Bank's attorney represented to the Court, on December 4, 2018, "that Noah Bank has the same claims as Basil does against [the plaintiff], and that Noah Bank would intervene in this action." Although Noah Bank now claims it cannot intervene because of the automatic stay against the company, no automatic stay exists against the plaintiff who is accused by Noah Bank, without any evidence, of misconduct, including "impairing the collateral that secured the Noah Bank loan." Moreover, the plaintiff maintains, Noah Bank was a critical player in Basil's wrongful acquisition of equity in the company and could have anticipated litigation or discovery concerning trademark ownership rights.

## LEGAL STANDARD

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"A subpoena may command [a person to produce] documents." Fed. R. Civ. P. 45(c)(2)(A). "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection." Fed. R. Civ. P. 45(d)(2)(B).

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. civ. P. 45(d)(1).

A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).

"If an objection is made, . . . [a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i).

7

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

"Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'" In re Fitch, 330 F.3d 104, 108 (2d Cir. 2003) (citation omitted).

> The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent "cogent" and "compelling" reasons such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008) (citation omitted).

## APPLICATION OF LEGAL STANDARD

### *Plaintiff's Motion to Compel Noah Bank to Comply with the Subpoena*

Upon review of the parties' submissions, and in light of the broad scope of discovery under Rule 26 of the Federal Rules of Civil Procedure, the Court finds that the plaintiff's Document Request Nos. 1, 2, 3, 4, 9, 10, 11, 12, 13 and 14, as narrowed on December 14, 2018, are relevant to this action and proportional to the needs of the case. Noah Bank's objections on the ground of relevancy are overruled. Noah Bank's objections on the grounds of privilege and "other protected information" are rejected, since no privilege log was served on the plaintiff, as required by Fed. R. Civ. P. 45(e)(2)(A). Noah Bank's objections that the subpoena subjects it to "undue burden or expense, requires disclosure of trade secrets or other confidential business information" are overruled as meritless and unsupported. The Court finds that granting the

8

plaintiff's request to compel Noah Bank's compliance with the November 5, 2018 subpoena's Document Request Nos. 1, 2, 3, 4, 9, 10, 11, 12, 13 and 14, as narrowed on December 14, 2018, is warranted. However, the plaintiff made no citation to any authority permitting additional document requests to be made via an e-mail message after the subpoena to Noah Bank issued. Accordingly, Noah Bank need not respond to additional document requests not contained in the November 5, 2018 subpoena.

## *Noah Bank's Motion to Quash the November 5, 2018 Subpoena*

On March 1, 2019, the assigned district judge denied the defendants' motion to dismiss for lack of subject matter jurisdiction. Without mentioning the March 1, 2019 denial of the defendants' motion, Noah Bank, through its counsel Basil, who is also a defendant in this action, asserts lack of subject matter jurisdiction, relying "upon the motion papers filed by the Defendants on July 2, 2018 and August 19, 2018." Noah Bank does not request that the Court revisit the March 1, 2019 finding by the assigned district judge that subject matter jurisdiction exists in this case, nor does it argue that "cogent" and "compelling" reasons exist to revisit the March 1, 2019 finding of subject matter jurisdiction, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," as required by the law of the case doctrine. Ali, 529 F.3d at 490. The Court finds that no basis exists to revisit the March 1, 2019 finding that subject matter jurisdiction exists in this action. Accordingly, Noah Bank's argument that the plaintiff's subpoena cannot be enforced because no subject matter jurisdiction exists is rejected as meritless and frivolous.

Noah Bank's arguments that: (i) the plaintiff lacks standing to issue the subpoena "because she was not a client of the Basil Law Group and therefore could not assert a conflict of interest claim"; and (ii) compliance with the subpoena cannot be compelled because the plaintiff

9

cannot establish "that the Basil Law Group and Basil were company lawyers acting under a conflict of interest during the Noah Bank loan transaction" are rejected as meritless and unsupported. What facts, if any, the plaintiff will be able to establish bears on the merits of the plaintiff's claims and will be determined by the trier of fact. The plaintiff's November 5, 2018 subpoena on Noah Bank, issued properly under Rule 45 of the Federal Rules of Civil Procedure, is a pretrial discovery tool which may be used to obtain evidence and does not impose any burden on the plaintiff to establish, at this juncture, factual matter necessary to prove her claims. Noah Bank's denials of the plaintiff's factual allegations are not a proper basis for quashing the subpoena. Noah Bank neither asserted nor established any of the grounds for quashing the subpoena contemplated by Fed. R. Civ. P. 45(d)(3)(A). Moreover, Noah Bank makes no citation to any authority for its assertion that the plaintiff should "pay for Noah Bank's costs of compliance with this subpoena"; thus, it is rejected as baseless and meritless. Similarly, Noah Bank's assertion that GLBA "counsels against enforcing" the subpoena is baseless because Noah Bank failed to explain how GLBA applies to the subpoena or why GLBA "counsels against enforcing" the subpoena in the circumstance of this case. The Court finds that Noah Bank's motion to quash the plaintiff's November 5, 2018 subpoena is unsupported and meritless.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to compel, Docket Entry No. 73, is granted, in part, and denied, in part, and Noah Bank's motion to quash the subpoena, Docket Entry No. 79, is denied. Noah Bank must produce responsive documents on or before June 7, 2019.

Dated: New York, New York
June 3, 2019

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

10