UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELIZABETH KENNEDY, :

              Plaintiff, :

            v. :      **MEMORANDUM AND ORDER**

ROBERT BASIL, THE BASIL LAW GROUP, :
P.C., ARTIFECT LLC, WFT REALTY LLC,    18-CV-2501 (ALC) (KNF)
WFT FASHION LLC, :

            Defendants. :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

The plaintiff, Elizabeth Kennedy, commenced this action against Robert Basil ("Basil"), The Basil Law Group, P.C. ("BL"), Artifect LLC, WFT Reality LLC and WFT Fashion LLC asserting: (1) breach of contract; (2) breach of fiduciary duty; (3) legal malpractice; (4) fraud; (5) trademark infringement; (6) unfair competition; (7) unjust enrichment; (8) trademark dilution; (9) deceptive acts and practices; (10) violation of the right to privacy and publicity; and (11) defamation. The plaintiff also seeks an accounting. The defendants answered and filed counterclaims and cross-claims. Thereafter, Basil dismissed his cross-claims against Artifect LLC.

Before the Court is a motion made by Basil and BL ("the movants"), for leave to serve a third-party complaint against James Caputo ("Caputo"), pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, "on the ground that he is liable to movants for all or part of the claim asserted against them." The plaintiff opposed the motion, making a motion to strike the third-party complaint, pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure.

1

## MOVANTS' CONTENTIONS

The proposed third-party complaint asserts that the movants provided legal advice to the plaintiffs' company WFT Fashion LLC f/k/a Elizabeth Kennedy LLC ("the company") and held an ownership interest in entities that helped finance the company. According to the movants, the plaintiff stated in her declaration, filed in this action on January 7, 2019, and during the plaintiff's January 9, 2019 deposition, that the movants represented her personally with respect to the matters asserted in the complaint. The movants allege that they never represented the plaintiff personally in connection with the matters asserted in the complaint and that the plaintiff was represented personally in connection with those matters by her uncle, Caputo. The movants allege that, to the extent that: (a) BL is found liable to the plaintiff on the legal malpractice cause of action; and (b) the plaintiff "suffered damages in consequence of malpractice committed by her attorneys," Caputo and BL would be joint tortfeasors. They assert a cause of action for contribution against Caputo.

The movants contend that the plaintiff's causes of action against BL for breach of fiduciary duty and legal malpractice are based on allegations that Basil and BL were the company's lawyers and owners. However, the movants maintain, the record in this case establishes that Caputo acted as the plaintiff's personal attorney regarding the company's matters, during the period at issue in this action. According to the movants, it appears that the plaintiff expanded her claims against BL, asserting that BL is allegedly liable to her in its capacity as her personal attorney. Given that Caputo provided legal advice to the plaintiff personally about the same issues the plaintiff contends gave rise to the malpractice cause of action asserted against BL, the movants contend they have a right to assert a cause of action for contribution against Caputo.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends that the movants' contribution cause of action against Caputo is barred by New York General Obligations Law ("NYGOL") § 15-108, based on the February 5, 2019 Covenant Not to Sue and Release by which the plaintiff, in good faith, "released all claims against Caputo on the grounds that Caputo did not represent [the plaintiff] in any of the disputed transactions in the instant action and [the plaintiff] does not attribute any fault or blame to Caputo for injuries alleged by [the plaintiff] against [the movants]." Thus, the movants' contribution cause of action against Caputo "should be stricken with prejudice." In support of the motion, the plaintiff submitted her declaration, stating: (1) "On February 5, 2019, I entered into a Covenant Not to Sue and Release (the 'Release') with the proposed third-party defendant, James Caputo ('Caputo'). *See* Exhibit A"; and (2) "Pursuant to the Release, I released all claims against Caputo on the grounds that I attribute no fault or blame to Caputo for the injuries alleged by me against Defendants."

## MOVANTS' REPLY

The movants assert that, in the absence of an order granting leave to serve the third-party complaint, no pleading exists to be stricken, which makes the plaintiff's motion to strike improper. The movants contend that NYGOL § 15-108 applies only to releases made in good faith. However, since the plaintiff "colludes with one alleged tortfeasor to release him from a $1.3 million liability in exchange for $10.00, so as to increase the liability of another alleged tortfeasor, Section 108 has no application," because "[i]t would seem obvious that the $10.00 Release of a $1.3 million claim was drafted solely to shield Mr. Caputo, [the plaintiff's] uncle, from liability and to impose all liability instead on Basil Law." To the extent that the Court does not find lack of good faith, the movants assert that "there is at least a question of fact as to the

3

plaintiff's good faith in granting her uncle the $10.00 release, and that this issue merits the taking of civil discovery." The movants contend that leave to serve the third-party complaint should be granted and Caputo is free "to assert the payment of $10.00 in exchange for the Release as a defense to the contribution claim against him."

## PLAINTIFF'S REPLY

The plaintiff contends that "there is no factual support that the release was given in bad faith" and the movants' opposition to the plaintiff's motion to strike contains only the conclusory allegation that "there are issues of fact warranting discovery." The plaintiff maintains that "[n]o amount of discovery will invalidate the release or create a viable third-party cause of action." Moreover, the release states that Caputo did not represent the plaintiff in any of the disputed transactions alleged in the complaint and had no communications with the defendants, and no contention was made by the movants "that Caputo defrauded Plaintiff into signing the Release." According to the plaintiff, the low amount of the consideration given in connection with the Covenant Not to Sue and Release does not show bad faith and is consistent with the plaintiff's position that the movants alone caused her damage. Similarly, the timing of the release does not constitute bad faith because it is irrelevant "to its propriety," since it is "plausible that a plaintiff might not be considering whether to release a possible party until a later point in the case – and it is only after the third-party gets sued that the parties find it important to consider a release." The plaintiff asserts that the fact that Caputo is her uncle does no constitute bad faith and the release causes no harm to the movants. Moreover, the plaintiff's motion to strike is timely and proper because Fed. R. Civ. P. 14 "is silent as to the time for filing a motion to strike or vacate" and Rule 14 does not prohibit a party from moving to strike a proposed third-party complaint.

4

## LEGAL STANDARD

A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

"Except as provided in sections 15-108 and 18-201 of the general obligations law . . . two or more persons who are subject to liability for damages for the same personal injury, injury to property . . . may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." New York Civil Practice Law and Rules § 1401. NYGOL § 15-108 provides:

> (a) Effect of release of or covenant not to sue tortfeasors. When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.
> (b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.
> (c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.
> (d) Releases and covenants within the scope of this section. A release or a covenant not to sue between a plaintiff or claimant and a person who is liable or claimed to be liable in tort shall be deemed a release or covenant for the purposes of this section only if:
> (1) the plaintiff or claimant receives, as part of the agreement, monetary consideration greater than one dollar;
> (2) the release or covenant completely or substantially terminates the dispute between the plaintiff or claimant and the person who was claimed to be liable; and
> (3) such release or covenant is provided prior to entry of judgment.

"It is well settled that an attorney sued for malpractice may assert a third-party claim against another lawyer who advised the plaintiff on the same matter." Millennium Import, LLC v. Reed Smith LLP, 104 A.D.3d 190, 193, 958 N.Y.S.2d 375, 377 (App. Div. 1st Dep't 2013).

"Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). Motions to strike are disfavored, and "courts should not tamper with the pleadings unless there is a strong reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). "Evidentiary questions . . . should especially be avoided at such a preliminary stage of the proceedings." Id. "In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true." Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 100 (S.D.N.Y. 1985). Where "both parties bolster their papers with affidavits and other extrinsic evidence," such extrinsic materials "cannot be considered in a true motion to strike," unless the motion to strike is treated as a motion for summary judgment, notwithstanding that "conversion of a motion to strike into a motion for summary judgment is not explicitly authorized by the Federal Rules of Civil Procedure." Paretti v. Cavalier Label Co., 702 F. Supp. 81, 85 (S.D.N.Y. 1988).

## APPLICATION OF LEGAL STANDARD

Although the movants are correct that, absent an order granting their motion for leave to serve their third-party complaint, no document exists to be stricken, the plaintiff's motion to strike the proposed third-party complaint, rather than the third-party complaint, is not prohibited and the difference between the proposed third-party complaint and the third-party complaint is a matter of form. However, under the circumstances, the form is immaterial. The Court will consider the plaintiff's motion to strike the proposed third-party complaint, which is made on the same ground as the plaintiff's opposition to the movants' motion.

The only ground on which the plaintiff opposed the movants' motion and based her motion to strike the proposed third-party complaint is that it is barred by the February 5, 2019 Covenant Not to Sue and Release, pursuant to NYGOL § 15-108. The plaintiff submitted extrinsic evidence in support of her motion to strike the proposed third-party complaint, namely, her declaration with Exhibit A. In their memorandum of law in opposition to the motion, the movants challenge the applicability of NYGOL § 15-108 and the validity of the plaintiff's Covenant Not to Sue and Release. Given that: (a) the plaintiff submitted extrinsic evidence in support of her motion to strike the proposed third-party complaint; (2) the movants did not submit extrinsic evidence in opposition to the plaintiff's motion; and (3) the movants seek an opportunity to conduct discovery to challenge the plaintiff's Covenant Not to Sue and Release on the merits, the Court finds that it is improper to convert the plaintiff's motion to strike to a motion for summary judgment. Moreover, the movants' challenge to the validity of the Covenant Not to Sue and Release involves issues of fact and the movants should have an opportunity to conduct discovery and present evidence in support of their challenge. See Barrett v. U.S., 668 F. Supp. 339, 341 (S.D.N.Y. 1987) ("When good faith is in doubt, the validity of the release becomes a question of fact to be determined at trial."). The plaintiff acknowledges that much when she contends that "[t]here is no factual support that the release was given in bad faith." The movants could not have presented any evidence, given that they had no opportunity to obtain it because the plaintiff's Covenant Not to Sue and Release came about after the movants' motion was filed and submitted for the first time in opposition to the movants' instant motion and in support of the plaintiff's motion to strike. Accordingly, granting the movants' motion for leave to serve the third-party complaint is warranted and denying the plaintiff's motion to strike is warranted.

## CONCLUSION

For the foregoing reasons; (i) the movants' motion for leave to serve and file the third-party complaint, Docket Entry No. 85, is granted; and (ii) the plaintiff's motion to strike the third-party complaint, Docket Entry No. 89, is denied.

Dated: New York, New York
        June 3, 2019

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*elizabethkennedy.mo3*