UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH KENNEDY,<br><br>  Plaintiff,<br><br>-against-<br><br>ROBERT BASIL, THE BASIL LAW GROUP P.C., ARTIFECT LLC, WFT REALTY LLC, and WFT FASHION, LLC,<br><br>  Defendants. | Civil No. 18-02501 (ALC)(KNF)<br><br>**DECLARATION OF<br>GLENN R. JAMES, ESQ.<br>IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>HOLD NON-PARTY NOAH BANK<br>IN CONTEMPT OF COURT** |

I, GLENN R. JAMES, ESQ., declare as follows under penalty of law:

1. Since January 1, 2019, I have been the General Counsel of Noah Bank, a non-party. I submit this Declaration in opposition to Plaintiff's Motion to Hold Noah Bank in Contempt of Court.

2. Noah Bank did not willfully disobey the Court's June 3, 2019 Order compelling Noah Bank to produce certain documents in response to a subpoena served by Plaintiff. *See* Doc. No. 119.

3. Noah Bank produced responsive documents to Plaintiff on June 6, 2019. *See* 6/25/19 Decl. of A Goldenberg, Doc. No. 149, at ¶ 7 (acknowledging that Noah Bank produced documents on June 6, 2019).

4. As of today, Noah Bank has produced all responsive non-privileged documents to Plaintiff.

5. Until August 22, 2019 -- the day Plaintiff filed the instant motion -- I was under the impression that Noah Bank's former attorney, Defendant Robert Basil, had ensured that the Bank had fully complied with its obligations under this Court's June 3, 2019 Order.

6. Prior to May 29, 2019, when Noah Bank's former President and CEO, Edward Shin, was taken into custody by federal law enforcement officers, Mr. Shin had internal responsibility for this case.

7. Defendant Robert J. Basil, Esq. was the appearing attorney for Noah Bank in this case and I was unaware of its existence.

8. After Mr. Shin was indicted, Noah Bank transitioned all matters handled by Mr. Basil to new counsel due to Mr. Basil's continued representation of Mr. Shin.

9. In that regard, I specifically asked Mr. Basil to provide me with a status report on all matters he was then handling for the Bank and specifically requested that he notify me of any imminent filings due.

10. Mr. Basil did not inform me of this case or any deadlines in it.

11. Moreover, at no point in the process of transitioning existing matters being handled by Mr. Basil to new counsel was Noah Bank, or its new outside counsel, informed that Noah Bank still had obligations under the Court's June 3, 2019 Order or that new counsel was needed in this matter to protect Noah Bank's interests.

12. Moreover, Mr. Basil did not request that a substitution of counsel be entered or independently move to withdraw as counsel for Noah Bank.

13. Accordingly, Noah Bank had no reason to believe it had an ongoing obligation to produce documents or that Plaintiff continued to object to its prior production.

14. Rather, I became aware of the case on July 11, 2019, when Mr. Basil forwarded to me a notification of electronic filing. As I was totally unfamiliar with the matter, I immediately responded to Mr. Basil questioning the subject matter of the case. Mr. Basil replied: "Noah is not a party. It produced documents pursuant to a subpoena. Kennedy claims Noah withheld

documents. John Kim [an employee of the Bank] produced all documents. He produced no emails because he said all emails responsive had me [Basil] as recipient, so I produced them from my system. There was no attorney-client privilege asserted (or available)." Mr. Basil also stated: "My replacement was informed of this case from day one."

15. Comforted by Mr. Basil's statement that he had discussed the matter with his "replacement," I assumed the matter was under control.

16. On August 22, 2019, Mr. Basil forwarded to me another notice of electronic filing with the one-line message: "Please make sure somebody takes care of this."

17. I made immediate inquiries of the three law firms that had taken over matters previously being handled by Mr. Basil and, by their responses, determined that Mr. Basil had not, in fact, spoken to any of them about replacing him on the matter and that none had, in fact, replaced him.

18. That same day, I assigned this matter to Hartmann Doherty and directed them to comply with the Court's Order.

19. New counsel immediately caused a Substitution of Counsel to be filed (*see* Doc. No. 158) and began a review of all potentially responsive documents.

20. As of today, the Bank has produced all non-privileged, responsive documents in its possession, and a privilege log listing all documents being withheld and the nature of the privilege asserted.

21. At all relevant times, Noah Bank believed it was in compliance with the Court's Order and, when the Bank discovered it was not, it took immediate action to cure the alleged deficiencies.

22.	For these reasons, Noah Bank did not willfully disobey the Court's prior order and should not be held in contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

	_____
	Glenn R. James, Executive Vice President
	  and General Counsel of Noah Bank

Dated: September 4, 2019