UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH KENNEDY,<br><br>                      Plaintiff,<br><br>  -v-<br><br>ROBERT BASIL, THE BASIL LAW GROUP P.C., ARTIFECT LLC, WFT REALTY LLC, and WFT FASHION LLC,<br><br>                      Defendants. | Civil No. 18-02501 (ALC)(KNF) |

**NON-PARTY NOAH BANK'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR CIVIL CONTEMPT**

Non-Party Noah Bank ("Noah Bank" or the "Bank") respectfully submits this Memorandum of Law in opposition to Plaintiff Elizabeth Kennedy's motion to hold it in civil contempt for failing to comply with Plaintiff's November 5, 2018 subpoena for documents (the "Subpoena") and this Court's June 3, 2019 Order (Doc. No. 119) (the "June 3 Order"). Plaintiff's motion should be denied because the Bank did not willfully fail to comply with the Subpoena or the Court's Order without adequate excuse, and because the Bank has now produced all of the non-privileged, responsive documents in its possession.

**RELEVANT BACKGROUND**

On or about November 5, 2018, Plaintiff served Noah Bank with a subpoena for documents. Defendant Robert Basil is the Bank's longtime outside counsel and, on the Bank's behalf, filed a motion to quash the subpoena and an opposition to Plaintiff's cross-motion to compel. On June 3, 2019, the Court denied Noah Bank's motion to quash and granted Plaintiff's motion to compel.

Thereafter, Mr. Basil produced a volume of documents through his attorney, Neil Grossman, responsive to the November 5, 2018 subpoena to Noah Bank. *See* Decl. of Andrew R. Goldenberg ("Goldenberg Decl."), Ex. A at 6. When asked by Plaintiff's counsel via email if those documents represented the entire production and whether Grossman represented the Bank, Basil responded that it was not the entire production and that Grossman did not represent the Bank. (*Id.* at 5.) Basil further stated that any other responsive communications would be internal bank communications, which he did not have, but which he had requested from the Bank. Following Noah Bank's June 6 production, Basil advised Plaintiff's counsel that the "Noah Bank production is completed." (*Id.* at 2.)

On June 17, 2019, Plaintiff notified Basil of the deficiencies in the Bank's production. (Goldenberg Decl., Ex. A at 1.) In response, Basil advised Plaintiff's counsel that, "[a]ll documents produced by Noah Bank were produced from its records. All emails produced were from my computer system, as Noah Bank was unable to find any internal emails." (*Id.*) In the same email, Basil also advised Plaintiff that he had been "dismissed as Noah Bank's counsel in this matter," and that no substitute had been designated. (*Id.*)

Basil did not, however, request entry of a Substitution of Counsel or move to withdraw as counsel for Noah Bank. Nor did Basil advise the Bank of Plaintiff's continued objections to the production or that the Bank might have an ongoing obligation to produce additional documents in response to the June 3 Order. (*See id.* ¶¶ 10-11.)

In fact, Basil did not advise any Bank attorney of his communications with Plaintiff's counsel or confirm the accuracy of his statements. Rather, Noah Bank's general counsel, Glenn James, became aware of this case on July 11, 2019, when Mr. Basil sent him an email forwarding a notification of electronic filing in the case. As Mr. James was totally unfamiliar with the matter,

he immediately replied to Mr. Basil questioning the subject matter of the case. Mr. Basil replied: "Noah is not a party. It produced documents pursuant to a subpoena. Kennedy claims Noah withheld documents. John Kim [an employee of the Bank] produced all documents. He produced no emails because he said all emails responsive had me [Basil] as recipient, so I produced them from my system. There was no attorney-client privilege asserted (or available)." In addition, Mr. Basil stated, "[m]y replacement was informed of this case from day one."

Comforted by Mr. Basil's statement that he had discussed the matter with his "replacement," Mr. James assumed that the matter was likely under control. On August 22, 2019, Mr. Basil forwarded to Mr. James another notice of electronic filing with the one-line message: "Please make sure somebody takes care of this." Mr. James made immediate inquiries of the three law firms that had taken over matters previously being handled by Mr. Basil and, by their responses, determined that Mr. Basil had not, in fact, spoken to any of them about replacing him on the matter and that none had, in fact, replaced him.  Therefore, Mr. James immediately assigned the matter to the undersigned to comply with the Court's Order immediately.

New counsel immediately caused a Substitution of Counsel to be filed (*see* Doc. No. 158) and began a review of all potentially responsive documents.  As of today, the Bank has produced all non-privileged, responsive documents in its possession, and a privilege log listing all documents being withheld and the nature of the privilege asserted.

## ARGUMENT

Federal Rule of Civil Procedure 45(g) provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order

related to it."[1]  Fed. R. Civ. P. 45(g).  In order to succeed on a motion to hold a party or non-party in civil contempt under this Rule, the "moving party must establish that: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 2011 U.S. Dist. LEXIS 95663, at *7 (S.D.N.Y. Aug 25, 2011).  "The only defenses to civil contempt are (1) that the order claimed to be violated is vague and indefinite as to whether particular action is required or …; (2) that the disobedient party lacked actual knowledge of the terms of the order; or (3) that proof of the party's noncompliance is not clear and convincing."  *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 251 (2d Cir. 2002).

Here, as reflected in the Declaration of Glenn James, Esq., who is the general counsel of Noah Bank, the Bank's former attorney, Defendant Robert Basil, failed to advise the Bank of the Court's June 3, 2019 Order, that an additional production might be required, that Plaintiff believed that the production was deficient.  Immediately upon becoming aware of its outstanding discovery obligations, Noah Bank undertook an extensive review of the potentially responsive communications in its possession and worked diligently to ensure their production in a timely fashion.  Thus, the Bank has "diligently attempted to comply in a reasonable manner." Although it certainly regrets the delay in producing documents responsive to Plaintiff's subpoena, under the

---

[1] To the extent that Plaintiff urges the Court to hold the Bank in contempt for failing to obey the Subpoena (*see* Pl. Br. at 6), this argument should be rejected.  Noah Bank does not dispute that it – through its prior counsel – initially objected to the Subpoena and timely moved to quash it before complying with the demands contained therein.  (*See* June 3 Order at 4-5, 9-10.)  A motion to quash a subpoena is specifically authorized by Rule 45(d)(3), and a party or non-party's choice to make use of this tool does not, without more, amount to contumacious behavior.

unusual circumstances of this case, lacking actual knowledge that the terms of the June 3 Order imposed upon it any additional obligations, Noah Bank had an adequate explanation for its failure to comply. Therefore, a finding of contempt is not warranted.

Plaintiff's request for attorney's fees and costs should be denied as well. *See, e.g., Zino Davidoff SA v. CVS Corp.*, 2008 U.S. Dist. LEXIS 36548, at *43-44 (S.D.N.Y. April 17, 2008) (holding that, where no finding of civil contempt is merited, "compensatory sanctions are inappropriate."). "Courts in this Circuit generally award the reasonable costs of prosecuting the contempt, including attorney's fees, only where a violation of a court order is found to have been willful." *Id.* at *21 (*quoting Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 8 (2d Cir. 1989)).  As discussed above, the Bank's delay in complying with the June 3 Order was the result of a lack of knowledge that additional document production was required; it was not the result of any willful or intentional misconduct.  "In the absence of willful contumacious conduct or other conduct evincing the contemnor's bad faith, an award of fees and costs is inappropriate. *Davidoff*, 2008 U.S. Dist. LEXIS 36548, at *44; *see also King v. Allied Vision*, 919 F. Supp. 747, 752 (S.D.N.Y. 1996) ("As with the elements of civil contempt generally, the complaining party must show by clear and convincing evidence that the contemnor's actions were willful for there to be an award of attorney's fees for prosecuting the contempt.").

\*     \*     \*

## CONCLUSION

For the foregoing reasons, Non-Party Noah Bank respectfully submits that the Court should deny Plaintiff's motion for an order of civil contempt.

Dated: September 5, 2019

                                                    Respectfully submitted,

                                                    _____
                                                    Mark A. Berman, Esq.
                                                    Kelly A. Zampino, Esq.
                                                    **HARTMANN DOHERTY ROSA**
                                                    **BERMAN & BULBULIA, LLC**
                                                    800 Third Avenue, 28th Fl.
                                                    New York, NY 10022
                                                    (212) 344-4619
                                                    mberman@hdrbb.com

                                                    *Attorneys for Non-Party*
                                                    *Noah Bank*