UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ELIZABETH KENNEDY,                       :

                  Plaintiff,            :

                  v.               :

**MEMORANDUM AND ORDER**

ROBERT BASIL, THE BASIL LAW GROUP,  :
P.C., ARTIFECT LLC, WFT REALTY LLC,       18-CV-2501 (ALC) (KNF)
WFT FASHION LLC,                    :

               Defendants.     :

-------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is the plaintiff's motion for an order, pursuant to Rule 45(g) of the

Federal Rules of Civil Procedure and Local Civil Rule 83.6 of this court,

> 1. Holding Noah Bank in contempt of Court for failing to comply with subpoena
> dated November 5, 2018 (the "Subpoena");
> 2. Holding Noah Bank in contempt of Court for failing to obey this Court's Order
> directing Noah bank to produce all responsive documents to the Subpoena on or
> before June 7, 2019;
> 3. Issuing an award of attorneys' fees and costs related to enforcement efforts
> involving Noah Bank in the amount of $26,545; and
> 4. For such other and further relief as the Court deems just and proper.

Noah Bank opposes the motion.

## PLAINTIFF'S CONTENTIONS

The plaintiff contends that, on November 5, 2018, she issued a subpoena with document

requests on a non-party, Noah Bank, seeking information related to the Noah Bank loan provided

to defendant WFT Fashion, LLC ("WFT") "in September 2016 that is relevant to the plaintiff's

claims of breach of fiduciary duty, malpractice, fraud and trademark infringement against

Defendants." On November 14, 2018, Noah Bank served its responses and objections. On June

3, 2019, Noah Bank's motion to quash the subpoena was denied and the plaintiff's motion to compel Noah Bank to comply with the subpoena was granted, in part, and Noah Bank was ordered to produce responsive documents, on or before June 7, 2019. According to the plaintiff, "on June 6, 2019, Noah Bank's counsel, Defendant Robert Basil ('Basil'), produced documents that were responsive to some of the Subpoena requests" and, on June 11, 2019, stated that Noah Bank's production was complete. After the plaintiff's attorney notified Basil about gaps in the production, on June 17, 2018, Basil informed him that he was dismissed as Noah Bank's counsel and "no substitute has been designated."

The plaintiff contends that Noah Bank's loan to WFT was issued after negotiations between Basil and Noah Bank's CEO, Edward Shin ("Shin"). According to the plaintiff, after the loan closing, Shin and other Noah Bank representatives communicated regularly with Basil about WFT's financial state and the loan status. Shin was indicted in May 2019 for allegedly taking bribes in connection with Noah Bank's issuance of small business loans and loans to companies in which Shin had a secret interest. The plaintiff asserts that, since the initial bankruptcy filing, Noah Bank has corresponded with WFT's bankruptcy trustee about the disputed trademarks, and Basil testified at his deposition that he had conversations with the trustee, in or about November 2018, about selling the trademarks to Noah Bank. The plaintiff contends that, "with the exception of a few emails," Noah Bank failed to produce: (a) "any documents concerning the disputed trademarks"; and (b) "any documents concerning the [WFT's] involuntary bankruptcy," in which Basil, who represents WFT, "filed a schedule of assets claiming Noah Bank has a secured interest in the [WFT's] personal property, which according to Basil, includes the disputed trademarks." Moreover, Noah Bank failed to produce documents concerning amounts paid to Noah Bank in connection with WFT's loan, such as the

"payoff schedule." The plaintiff asserts that the subpoena "clearly illustrated the nature of the documents sought and advised Noah Bank of its duty to comply with the subpoena" as well as the consequences of noncompliance. However, Noah Bank failed deliberately to comply with the subpoena.

The plaintiff asserts that Noah Bank also failed to comply with the Court's June 3, 2019 order, which was clear and unambiguous. The plaintiff contends that, "[a]lthough Noah Bank has produced some responsive documents, it has deliberately chosen to withhold other documents." The plaintiff maintains that Noah Bank should pay her reasonable attorney's fees and costs consisting of: (i) $22,525, in connection with "attempting to secure the production of the requested discovery and the prior requests to the Court seeking intervention"; (ii) $3,910, in connection with the instant motion; and (iii) "$110 in costs associated with its enforcement attempts." The plaintiff's motion is supported by a declaration of her attorney with exhibits.

## NOAH BANK'S CONTENTIONS

Noah Bank contends that it produced responsive documents, on June 6, 2019, and until August 22, 2019, its general counsel, Glenn R. James, Esq. ("James") "was under the impression that Noah Bank's former attorney, Defendant Robert Basil, had ensured that the Bank had fully complied with its obligations under this Court's June 3, 2019 Order." James states in his declaration that, "[p]rior to May 29, 2019, when Noah Bank's former President and CEO, Edward Shin, was taken into custody by federal law enforcement officers, Mr. Shin had internal responsibility for this case," and Basil "was the appearing attorney for Noah Bank in this case and I was unaware of its existence." James contends that, subsequent to Shin's indictment, he asked Basil to provide him with a status report on all matters he was handling for Noah Bank, as well as imminent filing deadlines, but Basil failed to inform him about this case or any deadlines

in this case. Moreover, James asserts that Basil did not request his substitution or move to withdraw from this action; thus, Noah Bank "had no reason to believe it had an ongoing obligation to produce documents or that Plaintiff continued to object to its prior production." James states that he became aware of this case on July 11, 2019, when Basil forwarded "a notification of electronic filing." Since James was not familiar with the action, he relied on Basil's representations when he assumed that "the matter was under control." On August 22, 2019, James received another electronic notification from Basil, accompanied by a request to "take care of this," and "made immediate inquiries of the three law firms that had taken over matters previously being handled by Mr. Basil and, by their responses, determined that Mr. Basil had not, in fact, spoken to any of them about replacing him on the matter and that none had, in fact, replaced him." James states that, on August 22, 2019, he assigned this case to Hartman Doherty Rosa Berman & Bulbulia, LLC, with a direction to comply with the Court's June 3, 2019 order. New counsel caused a substitution of counsel request to be filed and began reviewing potentially responsive documents. According to James, all relevant, non-privileged documents and a privilege log have now been produced by Noah Bank to the plaintiff. James contends that Noah Bank believed, at all times, that it was in compliance with the Court's order and it acted diligently to cure the alleged deficiencies.

Noah Bank asserts that contempt is not warranted for failure to comply with the subpoena because it complied when it responded to the subpoena by filing the cross-motion to quash it on December 24, 2018. Concerning Noah Bank's failure to comply with the June 3, 2019 order, Noah Bank asserts that, given Noah Bank's adequate explanation of its failure to comply and its production, albeit delayed, a finding of contempt is not warranted. Moreover, Noah Bank's delay in complying with the Court's June 3, 2019 order was the result of a lack of knowledge

4

that additional document production was required, not willful or intentional misconduct; thus, the plaintiff's request for attorney's fees and costs should be denied.

## PLAINTIFF'S REPLY

The plaintiff contends that Noah Bank's opposition to the motion should be disregarded because it is untimely, as Noah Bank "waited until September 5, 2019, 58 days after its opposition was due," to file it. She maintains that Noah Bank "may not rely on 'studied ignorance' of the compel order to postpone compliance" because the contemnor and its counsel have a duty to monitor the progress of the litigation. According to the plaintiff, Basil's failure to advise Noah Bank of the Court's June 3, 2019 order is not "enough to absolve Noah Bank for failing to timely comply" with it, and Noah Bank "was fully aware of Basil's multiple conflicts, yet chose to have him continue to represent its interests in this action." The plaintiff asserts that Noah Bank "could have simply checked the Court's docket to see the status of this case and the Compel Order, it instead chose to turn a blind eye and accept whatever Basil told" it.

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governing subpoenas provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The contempt authority of magistrate judges is limited by the Federal Magistrates Act, which provides that, in civil, non-consent cases, where an act constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

5

In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made. Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge."

Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 71-72 (E.D.N.Y. 2008) (internal citations omitted).

A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995). It need not be established that the violation was willful. *Donovan v. Sovereign Sec. Ltd.,* 726 F.2d 55, 59 (2d Cir.1984).

Paramedics Electromedician Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004).

## APPLICATION OF LEGAL STANDARD

### *Timeliness of Noah Bank's Opposition to the Plaintiff's Motion*

The plaintiff asserts that her motion was filed on June 25, 2019, and Noah Bank's opposition to her motion was due no later than July 9, 2019; thus, Noah Bank's opposition to her motion, filed on September 5, 2019, is untimely because it was filed "58 days after its opposition was due." However, the plaintiff's June 25, 2019 attempt to file her motion for contempt against Noah Bank, was rejected by this court's electronic court filing system for filing error on the same date. See Docket entry No. 125. The plaintiff's attorney filed a letter, dated July 11, 2019, representing to the Court that the plaintiff's motion was filed on June 25, 2019, and referencing Docket Entry No. 125. It appears that it was not until August 22, 2019, that the plaintiff realized that: (a) her June 25, 2019 attempt to file her motion for contempt was unsuccessful; and (b) no

motion for contempt was pending; thus, on August 22, 2019, the plaintiff filed the instant

motion. See Docket Entry No. 147. Noah Bank's opposition to the plaintiff's August 22, 2019

motion, made pursuant to Fed. R. Civ. P. 45(g), was due on September 4, 2019, 14 days from the

date the motion was served, see Local Civil Rule 6.1(b), which is when it was filed.

Accordingly, the plaintiff's untimeliness argument is frivolous. The Court finds that Noah

Bank's opposition to the instant motion was timely.

### Noah Bank's Compliance with the November 5, 2018 Subpoena

Although the plaintiff asserts that Noah Bank failed to comply with her November 5,

2018 subpoena, she admits that: (i) Noah Bank served timely its "responses and objections," on

November 14, 2018, but "refused to produce any responsive material to the Subpoena," see

Docket Entry No. 148, ¶ 4; and (ii) on December 24, 2018, Noah Bank filed a cross-motion to

quash the subpoena, see Docket Entry No. 79. Thus, no facts exist to be certified in connection

with the plaintiff's contention that Noah Bank failed to comply with the plaintiff's November 5,

2018 subpoena.

### Noah Bank's Compliance with the Court's June 3, 2019 Order

Noah Bank does not assert that the June 3, 2019 order was not clear and unambiguous.

Although the plaintiff asserts that Noah Bank failed to comply with the Court's June 3, 2019

order to produce documents, on or before June 7, 2019, she admits that, on June 6, 2019, Noah

Bank "produced documents that were responsive to some of the Subpoena requests," but "it has

deliberately chosen to withhold other documents." See Docket Entry No. 149, ¶ 7. The plaintiff

failed to adduce facts sufficient to prove Noah Bank's noncompliance with the Court's June 3,

2019 order by clear and convincing evidence; rather, the record evidence demonstrates, and the

plaintiff admits, that, on June 6, 2019, Noah Bank "produced documents that were responsive to

some of the Subpoena requests." Accordingly, no facts exist to be certified that Noah Bank failed to comply with the Court's June 3, 2019 order, given its timely production of the "documents that were responsive to some of the Subpoena requests."

Noah Bank asserts, and the plaintiff does not contest, that, at this time, Noah Bank produced all responsive documents and a privilege log. James explained in his declaration that Noah Bank was unaware of: (a) the Court's June 3, 2019 order, until July 11, 2019, when he first learned of this action; and (b) the gaps in the production of documents responsive to the plaintiff's subpoena, until August 22, 2019, when Basil asked him to "take care of it." Thereafter, James acted diligently by assigning new counsel to this matter expeditiously and causing responsive documents and a privilege log to be produced to the plaintiff. The plaintiff did not refute James's statements in his declaration. Although the plaintiff failed to make citation to any binding authority finding contempt for timely, but deficient, compliance with a court order directing production of documents, to the extent that the plaintiff contends that Noah Bank's compliance with the Court's June 3, 2019 order was deficient, the Court finds that Noah Bank presented evidence that: (1) its excuse for deficient compliance was adequate; and (2) it acted diligently to remedy any deficiencies. Having found no facts to be certified concerning the plaintiff's assertion of contempt, the Court finds that awarding attorney's fees and costs to the plaintiff is not warranted.

## CONCLUSION

For the foregoing reasons, the Court declines to issue a certification of facts to the assigned district judge when none is warranted.

8

This memorandum and order resolves the plaintiff's motion for contempt, Docket Entry

No. 147.

Dated: New York, New York
      November 13, 2019

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE