USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ELIZABETH KENNEDY,  :
                                    **Plaintiff**,  :
                                                   :      **18-CV-2501 (ALC)**
    -against-                              :
                                                  :      **OPINION & ORDER**
**ROBERT BASIL, THE BASIL LAW GROUP P.C.,**  :
**ARTIFECT LLC, WFT REALTY LLC, WFT**  :
**FASHION LLC,**  :
                                                  :
                              **Defendants.**  :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

       Plaintiff Elizabeth Kennedy brings this action against Defendants Robert Basil, The Basil Law Group P.C., Artifact LLC, WFT Realty LLC, and WFT Fashion LLC (collectively, "Defendants") for violations of the Lanham Act, New York General Business Law, and New York Civil Rights Law; and state law claims for breach of contract, breach of fiduciary duty, malpractice, fraud, accounting, common law unfair competition, and unjust enrichment. Defendants bring counterclaims against Plaintiff for fraud, conspiracy, breach of the operating agreement, unjust enrichment, conversion, breach of fiduciary duty, violation of New York Limited Liability Company Law, and fraudulent misrepresentation of trademark ownership. Defendants Basil and Basil Law also bring third-party claims against James Caputo for contribution. For the reasons set forth below, the Parties' cross-motions for summary judgment on Plaintiffs' affirmative claims, Plaintiff's motion for summary judgment on Defendants' counterclaims, and third party Defendant Caputo's motion to dismiss are **DENIED** without prejudice.

## INTRODUCTION

       Plaintiff's federal claims depend on whether she is the rightful owner of two Trademarks that were registered and issued to Elizabeth Kennedy, LLC (the "Company"). The Company,

which is currently in bankruptcy proceedings, is the presumptive owner of these Trademarks. This Court stayed all proceedings as to the Company until the bankruptcy is resolved. The Court will not award ownership of these trademarks to Plaintiff without providing the Company—the presumptive owner of the Trademarks—an opportunity to litigate and protect its intellectual property interest. Plaintiff's remaining claims, and Defendants' counterclaims and third party claims, are state and city law claims that depend, in part, on the success of Plaintiff's federal claims. Moreover, the Parties have not alleged any independent basis for subject matter jurisdiction for these state law claims aside from the federal trademark claims. Accordingly, the Court hereby **STAYS** Plaintiff's affirmative claims, Defendants' counterclaims, and Defendants' third party claims pending resolution of the Company's bankruptcy proceedings. The four pending dispositive motions before this Court are **DISMISSED** without prejudice.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts and procedural history of this case but provides a brief discussion of the background that is relevant to this Order. The following factual summary consists of only undisputed material facts ("UMF") unless otherwise indicated. Where the facts are subject to legitimate dispute, they are constructed in favor of the non-moving party. *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005).

Kennedy is a designer in the fashion industry, and she started Elizabeth Kennedy, LLC (hereinafter, the "Company") in 2007. UMF ¶161. In 2012, Kennedy partnered with Jayne Harkness ("Harkness") and they each carried a 50% interest in the Company pursuant to the terms of an operating agreement ("Operating Agreement"). *Id.* at ¶165. The Operating Agreement provided that if Kennedy left the Company, the Company would change its name "to a name which is not confusingly similar thereto" and she would be provided documentation necessary for her to

use the name "Elizabeth Kennedy, LLC." *Id.* at ¶165. On September 14, 2015, trademarks were registered for Kennedy's name and the logo of the Company ("Trademarks").[1] *Id.* at ¶170. The registration identified the Company as the owner of the Trademarks and the Company paid Archer & Greiner P.C. for its work in applying for and registering the Trademarks. *Id.* at ¶¶29–30.

In June 2015, Kennedy and Harkness met with Defendant Robert Basil ("Basil") for the purpose of raising funds for the Company through an investment from Defendant Artifect LLC. *Id.* at ¶5. Basil wholly owns WFT Realty, LLC ("WFT") and, through WFT, owns a 20% share of Defendant Artifect LLC. *Id.* at ¶¶186–87. Basil emailed a proposal for an investment by Artifect in the Company to Harkness and Kennedy, and Kennedy forwarded that proposal to third party defendant James Caputo ("Caputo"). Caputo is Kennedy's uncle and provided her with business and legal advice, although the parties dispute whether he acted as her attorney or whether Basil was her personal attorney. *Id*. at ¶12. On July 19, 2015, Kennedy, Harkness, and Artifect entered into an agreement by amending the Company's already existing Operating Agreement ("First Amendment"). *Id*. at ¶13. The First Amendment provided that Artifect would give the Company a $250,000 line of credit, guaranteed personally by Basil, in exchange for an ownership stake in the Company. *Id.* at ¶¶14–18. Over the course of the following year, WFT Realty, Basil, and Noah Bank provided hundreds of thousands of dollars to the Company in return for additional equity.[2] These agreements resulted in Second, Third, and Fourth Amendments to the operating agreement.

Eventually, in December 2017, Kennedy informed Basil that, as a result of a shortage of funding, she would be shutting down the Company. *Id.* at ¶120. Kennedy alleges that Defendants acted improperly and with various conflicts of interest to deprive Kennedy of substantial amounts

---

[1] The trademarks were registered under Registration Nos. 4811444 and 4811445.
[2] The details of these loans and agreements, while relevant to the merits of this case, are not relevant to this Order. These details can be found in the Parties' Undisputed Material Facts at ¶¶205–299.

of equity in the Company. The dissolution of the Company and paying off debts was also a lengthy, complicated process in which the Parties dispute the payment of debts and salaries for terminated employees. *Id.* at ¶¶120–160. Kennedy also demanded that the Company change its name from "Elizabeth Kennedy, LLC" and assign the Trademarks to Kennedy. Basil changed the name to WFT Fashion LLC but refused to assign the Trademarks. *Id.* at ¶397.

Plaintiff filed her Complaint on March 20, 2018 ECF No. 1. Defendants filed an Amended Answer on June 20, 2018 that included cross-claims against Defendant Basil and counterclaims against Plaintiff. ECF No. 18. The cross-claims were later voluntarily dismissed. ECF No. 60. Defendants filed a motion for summary judgment on Plaintiff's affirmative claims on August 3, 2019. ECF Nos. 137–139. Plaintiff filed a motion for summary judgment on her affirmative claims on August 23, 2019. ECF Nos. 150–154. Plaintiff also filed a motion for summary judgment on Defendants' counterclaims on August 23, 2019. ECF No. 155–157.

Defendants Basil and Basil Law Group ("Basil Defendants") filed a third party Complaint against Caputo on June 5, 2019, ECF No. 122, and an Amended Complaint on August 2, 2019, ECF No. 136. Caputo filed a motion to dismiss on September 11, 2019. ECF No. 169–172. Basil Defendants filed an opposition on September 26, 2019. ECF No. 179–180. Finally, Caputo replied on October 15, 2019. ECF No. 184.

**LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (internal quotation marks omitted); see also Fed. R. Civ. P. 56(a). Material facts are facts that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. An issue of fact is

4

"genuine" when a reasonable fact finder can render a verdict in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation marks omitted). "[T]he court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

"If there are cross-motions for summary judgment, the Court must assess each of the motions and determine whether either party is entitled to judgment as a matter of law." *Gen. Ins. Co.*, 2016 WL 4120635, at *4 (citing *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)). "[W]hen both sides move for summary judgment, neither side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it. When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other." *Heublein, Inc.*, 996 F.2d at 1461 (citation omitted). Instead, the court must "evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* at 1461 (citation omitted).

## DISCUSSION

There are four dispositive motions pending before this court: Plaintiff's motion for summary judgment on her affirmative claims; Defendants' motion for summary judgment on Plaintiff's affirmative claims; Plaintiff's motion for summary judgment on Defendants' counterclaims; and third party Defendant Caputo's motion to dismiss Defendants Basil and Basil Law's claims.

I. **Plaintiff's Affirmative Claims**

Plaintiff asserts sixteen claims: (1) breach of contract against all Defendants; (2) breach of fiduciary duty against Basil and Basil Law; (3) malpractice against Basil and Basil Law; (4) breach of fiduciary duty against WRT and Artifect; (5) fraud against all Defendants; (6) Accounting against all Defendants; (7) declaratory judgment of ownership of trademarks against all Defendants; (8) trademark infringement against all Defendants; (9) unfair competition against all Defendants; (10) common law unfair competition against all Defendants; (11) unjust enrichment against all Defendants; (12) federal trademark dilution against all Defendants; (13) deceptive acts and practices under New York state law against all Defendants; (14) trademark dilution under state law against all Defendants; (15) violation of right or privacy under New York state law against all Defendants; and (16) defamation *per se* against all Defendants.

A. **Trademark Related Claims**

Counts Seven through Fourteen of Plaintiff's complaint all depend—entirely or in part—on a crucial, disputed legal issue: that Plaintiff is the rightful owner of the two relevant Trademarks.[3] It is undisputed that the Trademarks are registered in the Company's name—the Company made the application to the U.S. Patent & Trademark Office ("USPTO"), the Company

---

[3] Each of Counts Seven through Fourteen requires proof that Plaintiff is the rightful owner of the Trademarks. Count Seven is for a declaratory judgment that Plaintiff is the rightful owner of the Trademarks; Count Eight is for trademark infringement under 15 U.S.C. §1114, *see Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 897 F.3d 413, 417 (2d Cir. 2018); Count Nine is for unfair competition under 15 U.S.C. §1125(A), *see Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009); Count Ten is for common law unfair competition, *see Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005); Count Eleven is for unjust enrichment based on Defendants' unlawful use of the Trademarks; Count Twelve is for trademark dilution under 15 U.S.C. §1125, *see Starbucks Corp.*, 588 F.3d at 105; Count Thirteen is for deceptive acts under N.Y. Gen. Bus. L. §349, *see Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015); and Count Fourteen is for trademark dilution under N.Y. Gen. Bus. L. §360-1, *see Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485–86 (2d Cir. 2005).

paid Archer & Greiner P.C. for its work in applying for and registering the Trademarks, the application identified the Company as the owner of the Trademarks, and the certificates issued by the USPTO identify the Company as the registrant. As such, the Company enjoys a presumption that it is the owner of the Trademarks. *See* 15 U.S.C. § 1057(b) ("A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce"); *see also Gruner + Jahr USA Pub., a Div. of Gruner + Jahr Printing and Pub. Co. v. Meredith Corp.*, 991 F.2d 1072, 1076 (2d Cir. 1993) ("[The Lanham Act] provides that a mark registered by its owner shall be prima facie evidence of the registrant's exclusive right to use the mark in commerce on the product.").

While this presumption can be rebutted, Plaintiff must demonstrate that she, instead of the Company, is the rightful owner of the Trademarks. Plaintiff asserts that she is the senior user of the Trademarks, that they are distinctive and have a secondary meaning in the marketplace, that she personally provided funding to the Company for the registration application, and that she was assured her ownership of the Trademarks by Defendants. Plaintiff also claims that Defendants cannot dispute her ownership of the Trademarks: "This is an argument for the Company to make and Defendants lack standing to raise the issue of the automatic stay." Reply Memorandum of Law in Support of Plaintiff's Summary Judgment (ECF No. 194) at 1–2. The Court, however, has stayed all proceedings involving the Company during the pendency of the Company's bankruptcy proceedings. Although Plaintiff's claims are not directly asserted against the Company, resolution of her federal claims necessarily involves resolution of the ownership of the Trademarks, and that directly implicates the Company's intellectual property interests. It would be improper to strip the

Company of its presumed ownership of the Trademarks without providing the Company an opportunity to respond and litigate to protect its intellectual property rights. Accordingly, the Court will deny, without prejudice, Plaintiff's claims that depend on her proving ownership of the Trademarks. Plaintiff can reassert these claims once the bankruptcy proceedings conclude and the stay preventing the Company (or its creditors or successor) from litigating its interest is lifted.

### B. Plaintiff's Remaining Claims

Plaintiffs remaining claims—for breach of contract, breach of fiduciary duty, malpractice, fraud, accounting, violation of New York Civil Rights Law, and defamation *per se*—are all state or city law claims. In her Complaint, Plaintiff does not indicate that subject matter jurisdiction would lie pursuant to diversity (i.e., 28 U.S.C. §1332) and the Complaint indicates that all parties are residents of New York or have their principal place of business in New York. Accordingly, this Court has no indication that, but for the Trademark claims discussed above, it has jurisdiction to hear Plaintiff's remaining claims. Since the Trademark claims are stayed pending resolution of the Company's bankruptcy proceedings, the Court stays Plaintiff's remaining affirmative claims. If Plaintiff refiles a motion for summary judgment after the bankruptcy proceedings have terminated, the Parties should address whether this Court would have subject matter jurisdiction over Plaintiff's remaining claims if the Trademark ownership dispute is resolved against Plaintiff and her federal claims are dismissed.

### II. Defendants' Counterclaims

Defendants' counterclaims—for fraud, conspiracy, breach of the operating agreement, unjust enrichment, conversion, breach of fiduciary duty, violation of New York Limited Liability Company Law, and fraudulent misrepresentation of trademark ownership—are also all state or city law claims. In their Amended Complaint, Defendants assert subject matter jurisdiction

8

pursuant to this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. As with Plaintiff's Amended Complaint, however, Defendants do not allege subject matter jurisdiction under this Court's diversity jurisdiction. Thus, Defendants do not provide any independent basis for subject matter jurisdiction aside from federal question jurisdiction pursuant to Plaintiff's federal claims, which have been stayed by this Court. Accordingly, the Court stays Defendants' counterclaims pending the resolution of the Company's bankruptcy proceedings. At that time, the Court can resolve Plaintiff's affirmative trademark claims, which may either obviate the need to address other avenues for subject matter jurisdiction or may require this Court to determine whether subject matter jurisdiction lies pursuant to diversity jurisdiction. It would inappropriate for the Court to rule on Defendants' counterclaims without either additional briefing on diversity jurisdiction or resolution of the underlying Trademark dispute. As with Plaintiff's affirmative claims, if either Party files a motion for summary judgment on Defendants' counterclaims after the bankruptcy proceedings terminate, the Parties should address whether this Court would have subject matter jurisdiction over Defendants' counterclaims if the Trademark ownership dispute is resolved against Plaintiff and her federal claims are dismissed.

### III. Defendants' Third Party Claims

Defendants Basil and Basil Law assert third party claims against Defendant Caputo alleging that "to the extent, if any, that Basil Law is found to be liable to Ms. Kennedy in legal malpractice . . . and to the extent, if any, it is found that Ms. Kennedy suffered damage in consequence of malpractice committed by her attorneys, Mr. Caputo and Basil Law would be joint tortfeasors, each having contributed to and having participated in the alleged legal malpractice." Amended Third Party Complaint (ECF No. 136) at ¶8. Caputo raises a number of defenses in his motion to dismiss, including lack of personal jurisdiction, a release signed by Kennedy, and failure

to state a claim. However, these third party claims against Caputo, and his underlying liability, rest entirely upon Basil Law's liability. The Court declines to decide as a matter of law whether Caputo can be held liable for contribution while the underlying claims against Defendants Basil and Basil Law are stayed. Moreover, the third party claims against Caputo suffer from the same subject matter jurisdiction issue discussed above. For these reasons, the Court stays the third party claims against Caputo until resolution of the bankruptcy proceedings against the Company.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** without prejudice Plaintiff's motion for summary judgment on her affirmative claims; Defendants' motion for summary judgment on Plaintiff's affirmative claims; Plaintiff's motion for summary judgment on Defendants' counterclaims; and Caputo's motion to dismiss Defendants' third party complaint. Plaintiff's affirmative claims, Defendants' counterclaims, and Defendants' third party claims are hereby **STAYED** until the resolution of WFT Fashion LLC's bankruptcy proceeding. The Parties are hereby **ORDERED** to submit a Joint Status Report indicating how they would like to proceed in this matter within fourteen days of the resolution of the bankruptcy proceedings.

**SO ORDERED.**

**Dated:** **March 30, 2020**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**